Manfred P. Muecke (SBN: 222893)
mmuecke@manfredapc.com
**MANFRED, APC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 550-4005
Fax: (619) 550-4006

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG WOOLARD, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> REYNOLDS CONSUMER PRODUCTS, INC. & REYNOLDS CONSUMER PRODUCTS, LLC, <br><br> Defendants. | Case No.: 3:22-cv-01684-TWR-NLS <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF ILLINOIS** <br><br> Hearing Date: March 9, 2023 <br><br> Hearing Time: 2:00 p.m. <br><br> Courtroom: 3A |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Contents**

**INTRODUCTION**..................................................................................**2**

**ARGUMENT** .......................................................................................**6**

   A. Defendants' Request to Transfer Under the First-To-File RuleMust Be
Denied As Forum Shopping ...........................................................6

   B. Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a) Must Be
Denied Because the Relevant Factors Strongly Favor Plaintiff's Choice of
Forum    .......................................................................8

      I.     Plaintiff's Choice of Forum Is Entitled to Deference .........................9

      II.    The Southern District of California Is a More Convenient Forum for
the Parties and Witnesses ...................................................10

      III.   Any Potential Sources of Proof Are Equally Accessible to the Parties
Regardless of Venue..........................................................12

      IV.   The Southern District of California Is More Familiar with Applicable
Law than the Northern District of Illinois...........................13

      V.     Both Parties Have Substantial Contacts with California that Directly
Relate to this Action .........................................................14

      VI.   The Local Interest Factors Favor the Southern District of California 15

      VII.  The Court Congestion Factor Weighs in Favor of the Southern District
of California .......................................................................16

**CONCLUSION**......................................................................**17**

# Table Of Authorities

## Cases

*Alltrade, Inc. v. Uniweld Prods*.,
    946 F.2d 622, 625 (9th Cir. 1991)......................................................................6

*Am. Civil Liberties Union of N. Cal. v. Burwell*,
    2017 WL 1540606, (N.D. Cal. April 28, 2017)........................................ 8, 11, 12

*Baatz v. Columbia Gas Transmission, LLC*,
    814 F.3d 785, 789 (6th Cir. 2016)...................................................................6

*Bohara v. Backus Hosp. Med. Benefit Plan*,
    390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ..........................................................13

*Byler v. Deluxe Corp.,*
    222 F. Supp. 3d 885, 907 (S.D. Cal. 2016).......................................................12

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp.,*
    2005 WL 4715213 (C.D. Cal. Apr. 28, 2005) ................................................12

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp*.,
    511 F.3d 535, 551 (6th Cir. 2007).....................................................................6

*Church of Scientology v. United States Dep't of Army*,
    611 F.2d 738, 750 (9th Cir. 1979).................................................................6, 8

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834, 843 (9th Cir. 1986)............................................................. 10, 16

*Easton-Bell Sports, Inc. v. E.I. DuPont De Nemours & Co.,*
    No. 13-cv-00283 NC, 2013 WL 1283463 (N.D. Cal. Mar. 26, 2013) .................16

*Escobosa v. Sunbelt Commc'ns Co.,*
    2009 WL 10672058 (S.D. Cal. June 25, 2009)....................................... 12, 13, 16

*Hendricks v. StarKist Co.,*
    2014 WL 1245880 (N.D. Cal. Mar. 25, 2014)................................................8, 9

*In re Ferrero Litig*.,
    768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011)....................... 10, 11, 12, 13, 14, 15

*In re J Motor Co. Ignition Switch Prods. Liab. Litig.*,
174 F.R.D. 332, 348 (D.N.J. 1997) ..................................................15

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495, 498-99 (9th Cir. 2000) ........................................ 8, 15

*Lacy v. Comcast Cable Commc'ns, LLC*,
No. 3:19-cv-05007, 2020 WL 1469621 (W.D. Wash. Mar. 26, 2020).................16

*Martinez v. Knight Transportation, Inc.*,
No. 1:16-cv-01730, 2017 WL 2722015 (E.D. Cal. June 23, 2017)......................9

*Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*,
No. 5:2019-cv-00839, 2019 WL 6482222 (C.D. Cal. July 8, 2019) ....... 10, 11, 12

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
678 F.2d 93, 95 (9th Cir. 1982).......................................... 6, 7, 8

*Pacific Car & Foundry Co.v. Pence*,
403 F.2d 949, 954 (9th Cir. 1968).........................................9

*Patriot Sci. Corp. v. Korodi*,
No. 3:06-cv-01543, 2009 WL 10673013 (S.D. Cal. Sept. 10, 2009) ........... 10, 14

*PC Specialists, Inc. v. Micros Sys., Inc.*,
No. 3:10-cv-00078, 2010 WL 11509024 (S.D. Cal. Apr. 27, 2010) ........... 13, 15

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235, 255-56 (1981)........................................ 9, 10

*Pizana v. SanMedica Int'l LLC*,
No. 1:18-cv-00644, 2019 WL 4747947 (E.D. Cal. Sept. 30, 2019) ..................8, 9

*Prescott v. Bayer HealthCare LLC*,
No. 5:20-cv-00102, 2020 WL 3505717 (N.D. Cal. June 29, 2020) ........... 13, 14

*Roling v. E*Trade Sec., LLC*,
756 F. Supp. 2d 1179, 1186 (N.D. Cal. 2010) .........................................10

*Rui Chen v. Premier Fin. All. Inc.*,
No. 18-CV-3771, 2019 WL 6911263 (N.D. Cal. Dec. 19, 2019)........... 10, 13, 14

3

*Van Slyke v. Capital One Bank*,
   503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007) ................................... 10, 11, 12, 15

**Statutes**

28 U.S.C. § 1404(a) .......................................................................................5

California Business & Professions Code Section 17200 ........................................10

# INTRODUCTION

This putative class action seeks to end Defendants' fraudulent scheme of duping consumers into purchasing their Hefty recycling bags (the "Products") by advertising them as recyclable when in reality they are no different than any other trash bag and are not recyclable.

Despite Defendants' representations, the Hefty "Recycling" trash bags are not recyclable at California solid waste disposal facilities and are not suitable for the disposal of recyclable products at solid waste disposal facilities. Hefty "Recycling" trash bags are made from low-density polyethylene and are not recyclable at California's solid waste disposal facilities.

When Hefty "Recycling" trash bags are delivered by waste haulers to a California solid waste disposal facility, the bags and all of the otherwise recyclable items contained within them are not delivered to a recycling facility but are treated as regular solid waste materials. California's waste disposal facilities do not recycle either Hefty "Recycling" trash bags or the recyclable materials contained in them.

The otherwise recyclable items (like cardboard, glass, aluminum, etc.) placed into Hefty "Recycling" trash bags by California consumers who are trying to recycle those items ultimately end up in landfills or incinerators and are not recycled.

By deceptively labeling the Products, Defendants (also collectively referenced herein as "Reynolds") has sought to take advantage of consumers' desire for products that are not harmful to the environment, while reaping the financial benefits of using less desirable Products. Reynolds has done so at the expense of unwitting consumers.

Plaintiff Craig Woolard is a California citizen and resides in this District. Plaintiff purchased the Products and relied on Defendants' misleading labeling and advertising of the Products in California. In addition, a majority of Plaintiff's claims against Reynolds are based on California law, and Plaintiff seeks to represent a California Subclass in addition to a National Class.

Despite the close connection between this action and California, Reynolds wants to transfer the case across the country to Illinois (also referenced herein as "Canaday" or "Canaday case"). Defendants' Memorandum Of Points & Authorities In Support of Motion To Transfer Venue To The Northern District of Illinois ("Defendants' MTV") (Dkt. No. 8-1)Reynolds incorrectly argues that Illinois was first-to-file and would be more convenient. However, the *Canaday* matter was not the first-to-file and the nexus between Plaintiff's claims and Defendants' preferred forum is weak, and the relevant factors under 28 U.S.C. § 1404(a) strongly weigh in favor of keeping this action in the Southern District of California. Therefore, Reynolds' transfer request should be denied.

## ARGUMENT

### A. Defendants' Request to Transfer Under the First-To-File Rule Must Be Denied As Forum Shopping

The purpose of the first-to-file rule is to promote judicial efficiency. *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The first-to-file rule may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.' *Id* (quoting *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)). "In order for suits filed in different districts to be duplicative, they must involve 'nearly identical parties and issues.'" *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (emphasis added).

Entirely discretionary in its application, courts look to three factors when determining whether to apply the first-to-file rule: (1) chronology (i.e., whether another case was filed first), (2) similarity of the parties, and (3) similarity of the issues. Here, granting that the Illinois case was filed prior to the present one, neither

of the other two elements are met. Moreover, even if they were, the first-to-file rule is a prudential rule that should not be mechanically applied. *Pacesetter,* 678 F.2d at 95

The *Canaday* case filed in Illinois is admittedly similar to this case. However, the *Canaday* case has been stayed for over two months and is currently stayed pending mediation. *Canaday v. Reynolds Consumer Products, Inc. et al.,* No. 1:22-cv-03513, N.D. Illinois, Dkt. Nos. 14, 16. The pending mediation isn't scheduled until April and may be rescheduled for a third time. Transferring this case to a stayed case where the last substantive event was Reynolds' Motion To Dismiss filed several months ago could hardly be considered a promotion of judicial efficiency. *Id.*, Dkt. No. 9. Reynolds will undoubtedly want both cases stayed where they will sit idle. As such, Defendants' proposed stay would delay— not expedite— the adjudication of this case. Rather than promote the judicial economy, it would thwart the prompt administration of justice.

Meanwhile, a substantially similar matter filed in the Southern District of Florida prior to the *Candaday* case has fully briefed a motion to dismiss[1] and is pushing the litigation towards class certification and trial if necessary. Plaintiff's counsel sought to transfer the California case to Florida to maximize efficiency, but Defendants declined. *See* Defendants' MTV at pg. 17. Plaintiff's counsel for all three cases have agreed to coordinate litigation to the fullest extent possible to promote judicial efficiency.

It should also be noted a substantially similar case was filed over a year before the *Gudgel* and *Canaday* matters in based on the same issues. *See Hanscom v. Reynolds Consumer Products,* No. 4:21-cv-03434, N.D. Cal. (filed May 7, 2021) There, Plaintiff defeated a motion to dismiss (*Id.*, Dkt. No. 69) prior to the voluntary

---

[1] See *Gudgel v. Reynolds Consumer Products, Inc. et. al*, No. 6:22-cv-01149, M.D. Fl. (Dkt. No. 42)

7

dismissal of the matter. *Id.*, Dkt. No. 70   Despite the opportunity, Reynolds never sought transfer of the *Hanscom* case.

Where, as here, "judicial reality" militates against application of the first-to-file rule, courts need not apply it. *Pacesetter*, 678 F.2d at 95 (citing *Church of Scientology v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Reynolds' Motion should be denied.

## B. Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a) Must Be Denied Because the Relevant Factors Strongly Favor Plaintiff's Choice of Forum

A "motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The factors include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, and (8) the ease of access to sources of proof. *Id.*   "These factors are non-exhaustive, and the Court ultimately has discretion in deciding which factors to consider and whether they weigh in favor of transfer." *Hendricks v. StarKist Co.*, 2014 WL 1245880, at *2 (N.D. Cal. Mar. 25, 2014).

"The burden is upon the moving party to show that transfer is appropriate." *Am. Civil Liberties Union of N. Cal. v. Burwell*, 2017 WL 1540606, at *1 (N.D. Cal. April 28, 2017). In addition, "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Pizana v. SanMedica Int'l LLC*, 2019 WL 4747947, at *3 (E.D. Cal. Sept. 30, 2019). In other words, "unless the balance of the § 1404(a) factors is

8

strongly in favor of the defendants, the plaintiff's choice of forum should *rarely* be disturbed." *Burwell*, 2017 WL 1540606, at *2 (emphasis added).

As demonstrated below, Reynolds has failed to satisfy its burden of showing that the balance of factors is "strongly" in its favor.

## I.   Plaintiff's Choice of Forum Is Entitled to Deference

In class actions, the amount of weight accorded to plaintiff's choice of forum depends on the parties' contacts with the chosen venue. *Pacific Car & Foundry Co.v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Deference to the plaintiff's choice of forum is particularly strong where the plaintiff has chosen his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Pacific Car*, 403 F.2d at 949 (holding that a plaintiff's choice of forum could be given lesser weight where the plaintiff had no contact with the forum and plaintiff's injury bore no relationship to the forum). A plaintiff's contacts are evaluated by factors such as: (i) whether plaintiff and class members reside in the district; (ii) whether plaintiff's claims arise within the district; and (iii) whether plaintiff's claims are based on the state law of the chosen district. *Martinez v. Knight Transportation, Inc.*, 2017 WL 2722015, at *3-4 (E.D. Cal. June 23, 2017).

Here, Plaintiff's choice of forum is entitled to deference because (1) Plaintiff and a portion of the putative class reside in this District; (2) Plaintiff's claims arose in this District; and (3) a majority of Plaintiff's claims are based on California law—not the laws of Illinois. *See generally* First Amended Complaint (Dkt. No. 7); *see also Hendricks*, 2014 WL 1245880, at *3  (holding that the plaintiff's choice of forum was entitled to deference because plaintiff lives in the Northern District of California and purchased the subject products there); *see also Pizana*, 2019 WL 4747947 at *4 ("Two of these factors weigh significantly against a change of venue here—plaintiff and a portion of the class reside in the Eastern District, and plaintiff's claims arose in the Eastern District. Consideration of these factors also weigh against transfer because plaintiff would be burdened by being

9

forced to litigate outside of the district in which he resides were the case to be transferred.").

In addition, Plaintiff's choice of forum is entitled to deference because "[n]o class has been certified, so these are currently the only plaintiffs" and "even if a nationwide class were certified the named plaintiffs would still bear a fiduciary responsibility to lead the class." *See Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007); *see also Roling v. E\*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1186 (N.D. Cal. 2010); *see also Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 2019 WL 6482222, at \*4 (C.D. Cal. July 8, 2019). Accordingly, Plaintiff's chosen forum is entitled to deference.

## II. The Northern District of California Is a More Convenient Forum for the Parties and Witnesses

Defendants must make a "strong showing of inconvenience to warrant upsetting" Plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Piper*, 454 U.S. at 255, 102 S. Ct. at 265–66 (1981) (finding that there is a "strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"). Therefore, "'[u]nless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed." *Patriot Sci. Corp. v. Korodi*, 2009 WL 10673013, at \*3 (S.D. Cal. Sept. 10, 2009) (citation omitted).

"[T]he convenience of third-party witnesses is more important than that of party witnesses." *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011) This is because a "party may compel the testimony of its employees." *Id.*; see *Rui Chen v. Premier Fin. All. Inc.*, 2019 WL 6911263, at \*3 (N.D. Cal. Dec. 19, 2019) (denying motion to transfer and finding that the location of Defendant's employee witnesses "does not favor a Georgia forum since they can be compelled to testify regardless of the forum").

Here, Reynolds has only identified potential employee witnesses who may be called to testify at trial. Defendants' MTV at pg. 16. However, as numerous Courts have previously recognized, "courts discount any inconvenience to the parties' employees, whom the parties can compel to testify." *Burwell*, 2017 WL 1540606, at *5 (internal quotation marks omitted). In addition, to the extent there would be any inconvenience to Reynolds by having this action proceed in California, such inconvenience can be mitigated by deposing Defendants' employees in Illinois. *Noriesta*, 2019 WL 6482222, at *3.

On the other hand, Plaintiff and a large number of the putative class reside in California. Moreover, the retailers where the transactions took place are in California. Plaintiff and other California class members will testify regarding their reliance on Reynolds' labeling and advertising disseminated in California, and their subsequent purchases of the Products in California. Moreover, the fact that Plaintiff has asserted a claim under California Business & Professions Code section 17200 on behalf of a California Subclass weighs against transfer of this case to Illinois. *See Van Slyke*, 503 F. Supp. 2d at 1364 ("[T]he trial of the Section 17200 claim would likely involve a state-wide class of California residents. To illustrate the 'unfair' impact of the challenged practices, California consumers would likely be called to tell their stories. This would be in addition to the California named plaintiff. For these witnesses, California would be a more convenient forum.").

As noted, in deciding whether to transfer, the Court "must be careful to avoid a transfer that would merely shift rather than eliminate the inconvenience of costs." *In re Ferrero Litig.*, 768 F. Supp. at 1081; see *Burwell*, 2017 WL 1540606, at *5 (finding that "transfer is not appropriate if it simply shifts the inconvenience from one party to another") (internal quotation marks omitted). Further, "corporations are better equipped than individuals to absorb increased litigation costs." *In re Ferrero Litig.*, 768 F. Supp. at 1081.

Here, a transfer would simply "shift rather than eliminate" the inconvenience of costs. Moreover, as a large, billion-dollar company, Reynolds is better able to "absorb increased litigation costs" than Plaintiff, who is an ordinary consumer. *Celestial Mechanix, Inc. v. Susquehanna Radio Corp.,* 2005 WL 4715213, at *4 (C.D. Cal. Apr. 28, 2005) (holding that a large corporation worth millions of dollars could travel more easily than plaintiff). Further, Reynolds already has counsel located in California. If this case were to be transferred to Illinois, Plaintiff would be forced to retain local counsel. This, along with having to travel to Illinois for court proceedings, would be a financial hardship for Plaintiff. As such, any increased litigation costs would be easier for Reynolds to bear by litigating in the Southern District of California than for Plaintiff to bear by litigating in the Northern District of Illinois. Accordingly, the witness convenience factors weigh against transfer. *Noriesta,* 2019 WL 6482222, at *2; *Van Slyke,* 503 F. Supp. 2d at 1364.

## III.   Any Potential Sources of Proof Are Equally Accessible to the Parties Regardless of Venue

This factor focuses on the location of records and documents. *See Escobosa v. Sunbelt Commc'ns Co.*, 2009 WL 10672058, at *5 (S.D. Cal. June 25, 2009). In *Escobosa*, the court found that this "factor is at best neutral, if not fully against transfer" where the defendants failed to establish why transferring documentary evidence to another district would "present exceptional difficulty in the instant case." *Id.*; *see also Van Slyke*, 503 F. Supp. 2d at 1362-63. In other words, the ease of access to evidence is generally not a predominant concern in evaluating whether to transfer venue because advances in technology have made it easy for documents to be transferred to different locations. *Byler v. Deluxe Corp.,* 222 F. Supp. 3d 885, 907 (S.D. Cal. 2016); *see also Celestial Mechanix, Inc.*, 2005 WL 4715213 at *4 (finding the accessibility to proof factor weighs against transfer where the defendant made no showing as to why production of documents in California would be burdensome); *Burwell*, 2017 WL 1540606, at *5 ("[T]he location of the witnesses and other

evidence is no longer weighed so heavily 'given the modern advances in communication and transportation.'") (citation omitted).

Here, Reynolds argues that there may be relevant documents located at its headquarters in Illinois. Defendants' MTV at pg. 16 However, Reynolds fails to describe "why transferring documentary evidence to another district would 'present exceptional difficulty in the instant case.'" *Escobosa*, 2009 WL 10672058 at *5; *see also Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("[T]he movant must show particularly the location, difficulty of transportation, and the importance of such records."); *Prescott v. Bayer HealthCare LLC*, 2020 WL 3505717, at *5 (N.D. Cal. June 29, 2020) (finding this factor neutral because "[m]ost of the evidence in this case will likely be documents and lab reports, which can easily be transmitted electronically. Defendants do not suggest that there is physical evidence that could not be transmitted electronically").

On the other hand, Plaintiff's evidence, including packaging for the Products, purchase receipts, any California-based labels and advertising, and stores where the Products were purchased, is located in California. Presumably, this is also true for members of the California Subclass. As such, this factor weighs against transfer.

## IV.   The Southern District of California Is More Familiar with Applicable Law than the Northern District of Illinois

Simply put, a "California district court is more familiar with California law than district courts in other states." *In re Ferrero Litig.*, 768 F. Supp. 2d at 1081; *see also PC Specialists*, *Inc. v. Micros Sys., Inc.*, 2010 WL 11509024, at *2 (S.D. Cal. Apr. 27, 2010) (finding that "a judge in the District of Colorado is going to be less familiar with the law underlying Plaintiff's California state law claims than this Court"); see *Rui Chen*, 2019 WL 6911263 at *3 (finding the fact that a "majority of the claims here are brought under California statutes with which this Court likely will be more familiar" weighed in favor of keeping the action in California).

This Court is undoubtedly more familiar with California's consumer protection statutes than the Northern District of Illinois. Therefore, because a "majority of the claims here are brought under California statutes," this factor weighs against transfer. *Rui Chen*, 2019 WL 6911263 at *3.

## V. Both Parties Have Substantial Contacts with California that Directly Relate to this Action

When evaluating a transfer, courts consider "the parties' contacts with the forum" and "the contacts relating to the plaintiff's cause of action." *Patriot Sci. Corp.*, 2009 WL 10673013 at *4; see also *In re Ferrero Litig.*, 768 F. Supp. 2d at 1079-80.

Here, Plaintiff has substantial contacts with California. As discussed above, Plaintiff resides in California, received and reviewed Defendants' labeling and advertising relating to the Products in California, and purchased the Products in California. In addition, members of the California Subclass reside in California and a majority of Plaintiff's causes of action arise under California law.

Reynolds also has substantial contacts in California that weigh against transfer. On information and belief, Defendants' California sales relating to the Products during the relevant class period total in the millions of dollars—and certainly more than in Illinois. In addition, "by choosing to market and sell [its products] nationwide, rather than just in the state of [Illinois]," Reynolds exposed itself to the risk of being sued in the districts in which its product is sold." *In re Ferrero Litig.*, 768 F. Supp. 2d at 1079.

Reynolds argues that certain operative facts occurred in Illinois. However, even if some of the operative facts occurred in Illinois, it does not make Illinois more convenient so as to warrant transfer there. See *In re Ferrero Litig.*, 768 F. Supp. 2d at 1079 (finding that although defendant's alleged misrepresentations and omissions may have occurred at defendant's place of business, plaintiff's reliance on the misrepresentations and the resulting harm took place in another state); *see*

14

*also Prescott*, 2020 WL 3505717 at \*6 (finding that, "even if the formulation and labeling decisions were primarily made in New Jersey, Plaintiffs' reliance on Defendants' alleged misrepresentations and the resulting harm occurred in California" and, therefore, "this factor weighs against transfer").

## VI.   The Local Interest Factors Favor the Southern District of California

Courts must also consider "the local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." *PC Specialists, Inc.*, 2010 WL 11509024 at \*3; *Jones*, 211 F.3d at 498. Here, California has a far greater interest in adjudicating this dispute than Illinois.

First, a majority of Plaintiff's claims are brought under California law, which will apply to the California Subclass exclusively. *See Van Slyke*, 503 F. Supp. 2d at 1365-66 (finding that the local interest factor weighs against transfer because "100% of a state-wide class for a Section 17200 claim would reside in California").

Second, Plaintiff is a California citizen and, therefore, California clearly has an interest in addressing harm to its citizens. See *id*. (finding that California has an interest in "ensuring efficacious remedies, such as class actions, for its citizens" and, therefore, "has a greater interest in adjudicating this action"); see also *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 348 (D.N.J. 1997) ([a] plaintiff's "home state has an interest in protecting its consumers from in-state injuries caused by foreign corporations and in delineating the scope of recovery for its citizens under its own laws.").

Finally, California is the most populous state with 39.5 million people, while Illinois only has 12.7 million people. Thus, all else being equal, California likely has over three times the number of class members than Illinois. Accordingly, these factors weigh in favor of keeping this action in California.

## VII.   The Court Congestion Factor Weighs in Favor of the Southern District of California

One of the key metrics courts consider when evaluating this factor is the average time to trial. *See Easton-Bell Sports Inc. v. E.I. DuPont De Nemours & Co.*, 2013 WL 1283463, *8 (N.D. Cal. Mar. 26, 2013). According to the most recent judicial caseload statistics for the United States District Courts, the average time to trial for civil actions filed in the Southern District of California is substantially less than what it is in the Northern District of Illinois. [2] *See also Easton-Bell Sports, Inc.*, 2013 WL 1283463 *8 (holding that "this factor weighed decisively in favor of maintaining the action in the [Northern District of California]"). Accordingly, this factor weighs strongly against transfer.

In sum, Defendants' Motion to Transfer must be denied because Reynolds has failed to make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.

Indeed, to grant Defendants' Motion would be tantamount to finding that, in all cases, corporate defendants are entitled to their preferred venue any time they are sued outside of their home forum. However, not only would that be contrary to applicable federal law, but it would be wholly unfair to Plaintiff. See *Escobosa*, 2009 WL 10672058 at *4 ("To give precedence to the wishes of Defendants without due cause would in effect punish Plaintiff for suing individuals not in her District, which the Court declines to do."); see also *Lacy v. Comcast Cable Commc'ns, LLC*, 2020 WL 1469621, at *3 (W.D. Wash. Mar. 26, 2020) ("If the Court were to grant Comcast's request, there is little reason why the same reasoning would not apply to every class action against a foreign company. But it

---

[2] U.S. District Courts—Median Time From Filing to Disposition of Civil Cases, by Action Taken—During the 12-Month Period Ending March 31, 2022; *available at:* https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2022/03/31 (*last accessed* February 9, 2023)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

cannot be the case that every plaintiff litigating a class action has to file suit in whatever venue the defendant deems most convenient. Indeed, it is hard to imagine a defendant more sophisticated than Comcast or with a greater ability to litigate in a foreign venue. In short, by choosing to conduct substantial business in Washington State, Comcast exposed itself to litigation in this venue."). Accordingly, Defendants' Motion should be denied.

## CONCLUSION

As set forth above, the convenience and interests of justice factors do not warrant transferring this action to the Northern District of Illinois. Therefore, Defendants' Motion to Transfer Venue should be DENIED.

DATED:  February 9, 2023

_s/Manfred Muecke_
**Manfred, APC**
Manfred Muecke (SBN: 222893)
600 W Broadway, Ste 700
San Diego, CA 92101-3370
mmuecke@manfredapc.com
Phone: 619-550-4005
Fax: 619-550-4006